# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DERRICK D. BROWN,**
          **Petitioner,**

         v.                                  Case No. 19-CV-545

**WILLIAM POLLARD,**
          **Respondent.**

## ORDER AND RECOMMENDATION

Derrick D. Brown, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. (ECF No. 1.) He argues that the evidence presented against him was "clearly insufficient … to withstand a conviction." (ECF No. 1 at 6-7.)

Accompanying Brown's petition is a Motion for Leave to Proceed Without Prepayment of the $5.00 Filing Fee. (ECF No. 2.) Having reviewed Brown's affidavit and trust account statement, the court finds that he lacks the resources to pay the fee. Therefore, his request (ECF No. 2) will be **granted**.

The court must now review Brown's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A petitioner is required to exhaust his state-court remedies before a federal court will consider the merits of his petition. 28 U.S.C. § 2254(b)(1)(A); *Liberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Arrieta v. Battaglia*, 461 F.3d 861, 863 (7th Cir. 2006).

A review of Brown's petition and Wisconsin circuit court records, available at http://wcca.wicourts.gov, fail to reveal that he has sought relief from the Wisconsin Court of Appeals or the Wisconsin Supreme Court for the "insufficiency of evidence" claim he now raises in his petition. Because Brown has not exhausted all of his state court remedies on the claim he now raises in his petition, the court will recommend that his petition be dismissed.

**IT IS THEREFORE ORDERED** that Brown's Motion for Leave to Proceed Without Prepayment of the Filing Fee (ECF No. 2) is **granted**.

**IT IS RECOMMENDED** that Brown's petition (ECF No. 1) and this action be **dismissed** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 1st day of May, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge